IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00072-BNB

JUSTIN J. RUEB #94567, also known as
     JUSTIN RUEB, also known as
     JUSTIN JOSEPH RUEB,
RUDY BALL #117586,
VERNON TEMPLEMAN #51255,
RAY MAYNES #102755,
JORDON BURDEN #94635,
LEROY ARMIJO #64355,
RAYMOND CAIN #88807,
JAMES R. WASHINGTON #126954,
CARLOS MONDRAGON #69193,
ROBBY VALENZUELA #60577, also known as
     ROBBY VALANZUELA, also known as
     BOBBY VALENZUELA, also known as
     BOBBY VALANZUELA,
ALAN MEADS #131676,
JACOB OAKLEY #123294,
LARRY UPTON #118846,
WAYNE LUOMA #114976,
FRANCISCO CORDOZA #109770,
PATRICK PLACENSIO #66074,
SHAWN SHIELDS #69301,
GEORGE SHANKLIN #60141,
RICKY MAES #127326,
DUSTIN A. SHERWOOD #109711, and
JOHNNY J. QUINTANA #49673,

     Plaintiffs,

v.

ARISTEDES ZAVARAS,
BROWN (CAPTAIN),
JOHN OR JANE DOE #3,
DENNIS BURBANK,
KATHLEEN BOYD,
DANIEL DENT,
JIM GENTILE,
CATHIE HOLST,
JOHN OR JANE DOE #1,

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN - 4 2009

**GREGORY C. LANGHAM**
              **CLERK**

C. MCCARTY,
CHRISTINE MOSCHETTI,
R. OLIVETT,
LARRY REID,
C. ROY,
PEGGY STEELE,
RICHARD WREN,
D. ZUPAN,
BUCHANAN,
EUGENE ATHERTON,
C. BARR,
CORTEZ,
D. P. DIAZ,
SUE GRISENTI,
H. T. HUERTAS,
JOHN DOE #2,
MUNSON,
M. N. MCCORMICK,
JAMES A. OLSON,
J. ROMERO,
KEN SALAZAR,
R. TWILLENER,
D. WILLIAMS,
BROWN (SERGEANT),
S. OWENS,
BOBBY ALLEN,
Y. BROWN,
ANNE DEFUSCO,
DANNY FOSTER,
M. HILDEBRAND,
CARL HOLDITCH,
J. JIMINEZ,
MCGREGORY,
C. MAY,
PANEK,
RODECAPE,
JOHN SUTHERS,
G. VENDETTI,
H. WILLIAMS,
ANTHONY DECESARO,
R. WILLIAMS,
ROBERT ALLEN,
BRANDT,
JAMES DALTON,
S. GARCIA,

HALSTEAD,
SUSAN JONES,
ANGEL MEDINA,
MARTINEZ,
DONICE NEAL,
J. PEDRIE,
W. RICHTER,
JOHN STONER,
H. WILKINS, and
J. WRIGHT,

        Defendants.

---

ORDER DENYING CLASS CERTIFICATION AND PERMISSIVE JOINDER,
DISMISSING PLAINTIFFS OTHER THAN JUSTIN J. RUEB, AND
REQUIRING MR. RUEB TO SUBMIT AMENDED COMPLAINT

---

This matter is before the Court on the motions for class action certification (doc. ##34 and 110), and the motion for the Court to vacate its February 3, 2009, order denying the motion to appoint Justin J. Rueb, also known as Justin Rueb and as Justin Joseph Rueb, as interim counsel for Plaintiffs pursuant to Fed. R. Civ. P. 23(g)(3) (doc. #100).

A prerequisite for class action certification is a finding by a court that the representative party can "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Because a layperson ordinarily does not possess the legal training and expertise necessary to protect the interests of a proposed class, courts are reluctant to certify a class represented by a *pro se* litigant. *See* 7A Wright, Miller & Kane, *Federal Practice and Procedure* Civil 3d § 1769.1 & n.13 (3d ed. 2005 & Supp. 2009); *see also Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (*pro se* prisoners are not adequate representatives for a class).

3

Although Mr. Rueb, the lead *pro se* plaintiff, has the right to appear on his own behalf, he may not represent another *pro se* plaintiff in federal court. *See* 28 U.S.C. § 1654; *Flymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000). Plaintiffs were informed that a *pro se* litigant may not represent other *pro se* litigants in federal court in the February 3, 2009, order denying their January 18, 2009, motion to appoint Mr. Rueb as interim counsel. Therefore, to the extent Plaintiffs seek class action certification and for Mr. Rueb to represent the class, their motions will be denied.

For the reasons stated below, the Court also finds that the joinder of parties and of claims in this case is being used as an abusive litigation tactic and as a strategy to circumvent the filing fee requirement. The amended complaint (doc. #21) originally filed by 50 plaintiffs pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act, 42 U.S.C. § 12132, totals 98 pages and asserts 40 claims, subdivided into 124 subparts, against 64 defendants. An unwieldy 21 plaintiffs currently remain in the case and seek to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 by dividing among themselves the $350.00 filing fee.

The asserted claims, ranging from lack of outdoor recreation to prison restrictions on hard-core, sexually explicit, pornographic magazines and photographs, primarily concern the general conditions of confinement of Plaintiffs confined at the Colorado State Penitentiary and are asserted against Colorado Department of Corrections (DOC) and Colorado State Penitentiary officials. In addition to motions requesting *in forma pauperis* status and the motions for class action certification and for Mr. Rueb to serve as interim counsel discussed above, Plaintiffs have overwhelmed the Court with various motions, some filed only by Mr. Rueb, others filed only by a few

Plaintiffs including Mr. Rueb, requesting restraining orders, preliminary injunctions, service, mailings, the appointment of counsel, and the addition of Plaintiffs' signatures by interlineation to any motions and pleadings Mr. Rueb has filed or may file in the future (doc. # 112), a thinly disguised attempt for Mr. Rueb to represent the six Plaintiffs signing the motion.

Fed. R. Civ. P. 19 concerning the required joinder of parties does not apply because the named parties are not necessary to this lawsuit. Fed. R. Civ. P. 20(a) allows for joinder of plaintiffs in a single action "if they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all Plaintiffs will arise in the action." The same rule allows for joinder of defendants in a single action if the parties seeking joinder assert a right to relief based on the same transaction or occurrence and a common question of law or fact with respect to all parties. These requirements must be satisfied in order to allow for joinder under Fed. R. Civ. P. 20(a). However, even if these requirements are satisfied, there is no requirement that the parties must be joined. Because Rule 20(a) is permissive in character, joinder in situations falling within the rule's standard is not required. *See* 7 Wright, Miller, & Kane, ***Federal Practice and Procedure***, § 1652, at 395-96 (3d ed. 2001).

Moreover, Fed. R. Civ. P. 20(b) and Fed. R. Civ. P. 21 require the trial court to "examine the other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principle of fundamental fairness." ***Wynn v. National Broadcasting Co.***, 234 F. Supp. 2d 1067, 1078 (C.D. Cal. 2002)

5

(internal quotation marks and citation omitted).  Fed. R. Civ. P. 20(b) vests in the district court the discretion to order separate trials or make such other orders as will prevent delay, expense, or other prejudice.  Fed. R. Civ. P. 21 allows a court to challenge *sua sponte*, at any time, on just terms, the misjoinder of parties.  "A determination on the question of joinder of parties lies within the discretion of the district court."  *Wynn*, 234 F. Supp. 2d at 1078 (internal quotation marks and citation omitted).

Plaintiffs do not contend that every Plaintiff is involved in every other Plaintiff's claims.  For example, Plaintiffs' claims concerning physically disabled inmates do not concern all Plaintiffs.  Therefore, not all Plaintiffs' claims arise out of the same transaction or occurrence, or present questions of law or fact common to all Plaintiffs.  In addition, the mere assertion that every Defendant either works at the Colorado State Penitentiary or otherwise is involved in the DOC is not sufficient to satisfy the requirement that the right to relief against all Defendants arises out of the same transaction or occurrence.  Plaintiffs also assert special interests.  For example, in the "Motion to Add Our Signatures to Pleadings Filed by Plaintiff Justin Rueb, Through Interlineation" (doc. #112) filed on May 1, 2009, six inmates, including Mr. Rueb, not only seek to have apply to them any motions or pleadings that Mr. Rueb has filed and may file in the future, but one of the six inmates, Jacob Oakley, makes a special request for full psychiatric evaluation and testing and an immediate transfer from administrative segregation to a therapeutic psychiatric facility.  The statement in the motion that such an evaluation and testing may be made by "any plaintiff who specifically requests it" does not turn the issue into a common question that exists as to all parties.  (Doc. #112 at 2.)

The parties are misjoined.  *See* Fed. R. Civ. P. 21.  Allowing Plaintiffs to proceed as a group will cause unnecessary delay, expense, potential confusion, and burden on the part of the Court, as well as Defendants, and will undermine the principle of fundamental fairness implicit in Fed. R. Civ. P. 20(b) and Fed. R. Civ. P. 21.  For example, scheduling a hearing is virtually impossible because of the number of Plaintiffs remaining in the case.  In addition, as Plaintiffs themselves appear to acknowledge, simply getting all Plaintiffs' signatures on any paper to be filed makes this multi-party, *pro se* prisoner case unmanageable.  (Doc. #112 at 2.)

Proceeding *in forma pauperis* in a civil case is a privilege, not a right-- fundamental or otherwise.  *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998).  "[D]eterring frivolous and malicious lawsuits, and thereby preserving scarce judicial resources, is a legitimate state interest."  *Id.* at 1234.  Plaintiffs will not be permitted to continue their abusive tactics clearly intended to burden and overwhelm the Court and Defendants with unduly complicated litigation.  Therefore, each Plaintiff other than Mr. Rueb will be dismissed as a party to this action.  Each dismissed Plaintiff may proceed in his own individual action.

Mr. Rueb will be ordered to file a second amended complaint limited to his own claims.  Except for emergency relief related to his personal safety, Mr. Rueb will be barred from filing any motions or other papers until he cures the deficiencies discussed below.

The second amended complaint Mr. Rueb will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for

the claims against them so that they may respond and to allow a court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Rueb must assert, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. In order for Mr. Rueb "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that the motions for class action certification (doc. ##34 and 110) and the motion for the Court to vacate its February 3, 2009, order denying the motion to appoint Justin J. Rueb, also known as Justin Rueb and as Justin Joseph Rueb, as

8

interim counsel for Plaintiffs pursuant to Fed. R. Civ. P. 23(g)(3) (doc. #100) are denied. It is

FURTHER ORDERED Plaintiffs, other than Mr. Rueb, are dismissed as parties to this action.  It is

FURTHER ORDERED that the motions for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 filed by Plaintiffs, other than Mr. Rueb, are denied as moot.  It is

FURTHER ORDERED that Mr. Rueb file **within thirty (30) days from the date of this order** a second amended complaint that is limited to his own claims and that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Rueb only, together with a copy of this order, two copies of the following form to be used in submitting the second amended complaint:  Prisoner Complaint.  It is

FURTHER ORDERED that except for emergency relief related to his personal safety, Mr. Rueb is barred from filing any motions or other papers until he files the second amended complaint as directed in this order.  It is

FURTHER ORDERED that all other pending motions are denied as moot.

DATED at Denver, Colorado, this ___4___ day of ____June____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No.  09-cv-00072-BNB

Justin Joseph Rueb
Prisoner No.  94567
Colorado State Penitentiary
PO Box 777
Cañon City, CO 81215-0777

Ruby Ball
Prisoner No. 117586
Colorado State Penitentiary
PO Box 777
Cañon City, CO 81215-0777

Vernon Templeman
Prisoner No. 51255
Colorado State Penitentiary
PO Box 777
Cañon City, CO 81215-0777

Ray Maynes
Prisoner No. 102755
Colorado State Penitentiary
PO Box 777
Cañon City, CO 81215-0777

Jordon Burden
Prisoner No. 94635
Colorado State Penitentiary
PO Box 777
Cañon City, CO 81215-0777

Leroy Armijo
Prisoner No. 64355
Colorado State Penitentiary
PO Box 777
Cañon City, CO 81215-0777

Raymond Cain
Prisoner No. 88807
Colorado State Penitentiary
PO Box 777
Cañon City, CO 81215-0777

James R. Washington
Prisoner No. 126954
Colorado State Penitentiary
PO Box 777
Cañon City, CO 81215-0777

Carlos Mondragon
Prisoner No. 69193
Colorado State Penitentiary
PO Box 777
Cañon City, CO 81215-0777

Robby Valenzuela
a/k/a Bobby Valanzuela
Prisoner No. 60577
Colorado State Penitentiary
PO Box 777
Cañon City, CO 81215-0777

Alan Meads
Prisoner No. 131676
Colorado State Penitentiary
PO Box 777
Cañon City, CO 81215-0777

Jacob Oakley
Prisoner No. 123294
Colorado State Penitentiary
PO Box 777
Cañon City, CO 81215-0777

Larry Upton
Prisoner No. 118846
Colorado State Penitentiary
PO Box 777
Cañon City, CO 81215-0777

Wayne Luoma
Prisoner No. 114976
Colorado State Penitentiary
PO Box 777
Cañon City, CO 81215-0777

Francisco Cordoza
Prisoner No. 109770
Colorado State Penitentiary
PO Box 777
Cañon City, CO 81215-0777

Patrick Placensio
Prisoner No. 66074
Colorado State Penitentiary
PO Box 777
Cañon City, CO 81215-0777

Shawn Shields
Prisoner No. 69301
Colorado State Penitentiary
PO Box 777
Cañon City, CO 81215-0777

George Shanklin
Prisoner No. 60141
Colorado State Penitentiary
PO Box 777
Cañon City, CO 81215-0777

Ricky Maes
Prisoner No. 127326
Colorado State Penitentiary
PO Box 777
Cañon City, CO 81215-0777

Dustin A. Sherwood
Prisoner No. 109711
Colorado State Penitentiary
PO Box 777
Cañon City, CO 81215-0777

Johnny J. Quintana
Prisoner No. 49673
Colorado State Penitentiary
PO Box 777
Cañon City, CO 81215-0777

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals, **and two copies of the Prisoner Complaint to Justin J. Rueb ONLY** on_ 6/4/09 .

GREGORY C. LANGHAM, CLERK

By:_____
          Deputy Clerk